# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## Case No.:

CRAIG CONNELL,

     Plaintiff,                                  **COMPLAINT**

V.

EXPERIAN INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
TRANSUNION, LLC, AND EDFINANCIAL
SERVICES, LLC

                                    **DEMAND FOR JURY TRIAL**

     Defendants.
_____/

## <u>COMPLAINT</u>

Plaintiff Craig Connell ("Plaintiff") by and through counsel, files this Complaint against Defendants Experian Information Solutions, Inc., ("Defendant Experian" or "Experian"), Equifax Information Services, LLC ("Defendant Equifax" or "Equifax"), TransUnion, LLC ("Defendant TransUnion" or "TransUnion"), and EdFinancial Services, LLC. ("Defendant Ed Financial" or "Ed Financial") pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## DEMAND FOR JURY TRIAL

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## PARTIES

4.      The Plaintiff is a natural person, and a citizen of the State of Florida, residing in Orlando, Orange County, Florida.

5.      Defendant Experian Information Solutions, Inc. ("Defendant Experian" or "Experian") is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Defendant Experian is a credit reporting agency ("CRA") as defined by FCRA, 15 USC §1681a(f).

6.      Defendant Equifax Information Services, LLC ("Defendant Equifax" or "Equifax") is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525. Defendant Equifax Information Services, LLC is a consumer reporting agency (CRA) as defined by FCRA, 15 USC §1681a(f).

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

7.      Defendant TransUnion, LLC ("Defendant TransUnion" or "TransUnion") is a Delaware limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

8.      Defendant EdFinancial Services, LLC. ("Defendant Ed Financial" or "Ed Financial") is a is a Nevada limited liability company whose registered agent in Florida is NRAI Services, Inc., 1200 S. Pine Island Road, Plantation, Florida 33324. Defendant Creditor is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9.      This action involves derogatory and inaccurate reporting of a student loan account furnished by the EdFinancial Services, LLC (the "Account" or "student loan account") to Plaintiff's credit profile with Experian, Equifax, and TransUnion. ("Defendant CRAs" or "CRAs").

10.     Plaintiff contends that the reporting of the accounts is inaccurate because all of his student loan balances related to enrollment in Le Cordon Bleu College of Culinary Arts, were fully resolved, due to a cancellation of the debts and discharge pursuant to the terms of the *Sweet v. Cardona* lawsuit (the "Sweet Lawsuit"). Under the settlement, the Department of Education was to **delete the credit report tradeline associated with the discharged loan(s).**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

11.     Notwithstanding disputes to Defendants Experian, Equifax, and TransUnion, the accounts were not deleted pursuant to the terms of the Sweet Lawsuit.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Experian)

12.     Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

13.     Experian has prepared and issued consumer credit reports concerning Plaintiff which has included and continues to include information concerning inaccurate, and derogatory reporting of accounts with the EdFinancial Services, LLC.

14.     In or about June 2, 2023, Plaintiff submitted a dispute of the erroneous reporting Experian. (the "Dispute").

15.     In response to the Dispute, Experian promptly and properly gave notice of the Dispute to EdFinancial Services in accordance with the FCRA.

16.     In response to the dispute Experian updated the status of the relevant student loans to reflect a zero balance. However, **the tradelines for the applicable student loans** remained.

17.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

18.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

19.     Despite receiving Plaintiff's dispute and the fact that Plaintiff's loans should be deleted, Experian continues to report Plaintiff's the student accounts. At some point while the dispute was pending, Experian updated the balance from the disbursement amount to a zero balance.

20.     Continuing to report the status of Plaintiff's account in this fashion is significant.

21.     By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the Plaintiff's credit worthiness by impacting his credit score negatively.

22.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

23.     Experian failed to conduct a reasonable investigation and reinvestigation.

24.     Experian failed to review and consider all relevant information submitted by Plaintiff.

25.     Experian failed to conduct an independent investigation and, instead,

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

deferred to the EdFinancial Services despite the evidence and/or information Plaintiff provided to Experian.

26.    Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

27.    Experian's reporting of inaccurate information about the Accounts, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

28.    Experian did not conduct any independent investigation after Experian received Plaintiff's dispute and, instead, chose to parrot the information Experian received from the EdFinancial  Services despite being in possession of evidence that the information was inaccurate.

29.    Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

30.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

31.    On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

32.    Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's Dispute of the information contained in Plaintiff's Experian credit report.

33.    Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

34.    Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information;

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

[g] the failure to promptly delete information  that was found to be inaccurate, or could not be verified, or that the source of information had  advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian  had reason to believe was  inaccurate before  including it  in  the  credit report  of the consumer.

35.    The  conduct,  action  and  inaction  of  Experian  was  willful,  thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

36.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian  in  an  amount  to  be  determined  by  the  Court  pursuant  to  15  U.S.C.  § 1681(n).

37.    The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

38.    As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

39.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment  against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant  to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3]  statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence  in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems  appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Experian)

40.     Plaintiff incorporates paragraphs 1-39 above by reference of this Complaint.

41.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

42.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

43.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

44.     Additionally, Experian negligently failed to report account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

45.     Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

46.     The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

47.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

48.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

49.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

50.     Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

51.     Equifax has prepared and issued consumer credit reports concerning Plaintiff which have included and continues to include information concerning

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

inaccurate and derogatory reporting of accounts with the EdFinancial Services, LLC.

52.    In or about June 2, 2023, Plaintiff submitted a dispute of the erroneous reporting Equifax. (the "Dispute").

53.    In response to the Dispute, Equifax promptly and properly gave notice of the Dispute to EdFinancial Services in accordance with the FCRA.

54.    In response to the dispute, Equifax inaccurately updated the status of the relevant student loans that **Plaintiff pays as agreed**, and that **the student loan payments are deferred**.

55.    Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

56.    Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it provides to third parties.

57.    Despite receiving Plaintiff's dispute and the fact that Plaintiff's loans were fully discharged, Equifax continues to report Plaintiff's account to Equifax.

58.    Continuing to report the status of Plaintiff's account in this fashion is significant.

59.    By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

on the Plaintiff's credit worthiness by impacting his credit score negatively.

60.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

61.     Equifax failed to conduct a reasonable investigation and reinvestigation.

62.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

63.     Equifax failed to conduct an independent investigation and, instead, deferred to the EdFinancial Services despite the evidence and/or information Plaintiff provided to Equifax.

64.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

65.     Equifax 's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

66.     Equifax did not conduct any independent investigation after Equifax

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

received Plaintiff's dispute and, instead, chose to parrot the information Equifax received from the EdFinancial   Services despite being in possession of evidence that the information was inaccurate.

67.    Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

68.    Plaintiff has suffered damages as a result of the incorrect reporting and Equifax 's failure to correct the credit report pertaining to Plaintiff.

69.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

70.    Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's Dispute of the information contained in Plaintiff's Equifax credit report.

71.    Equifax 's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

72.    Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax  to comply with the FCRA include, but are not limited to,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

73.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

74.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

75.     The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

proximate result of Equifax 's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

76.    As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

77.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant Equifax)

78.    Plaintiff incorporates the paragraphs 1-11 and 50-77 above by reference of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

79.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

80.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

81.    On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

82.    Additionally, Equifax negligently failed to report account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

83.    Equifax has negligently failed to comply with the FCRA. The failures of Equifax  to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow  reasonable procedures to assure the maximum possible accuracy of the information reported; [b]  the failure to correct erroneous personal information regarding Plaintiff after a reasonable request  by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit  information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax  had notice was inaccurate; [e] the continual

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

84.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

85.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

86.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

87.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

88.    Plaintiff incorporates paragraphs 1-11 by reference of this Complaint.

89.    TransUnion has prepared and issued consumer credit reports concerning Plaintiff which have included and continues to include information concerning inaccurate, and derogatory reporting of accounts with the EdFinancial Services, LLC.

90.    In or about June 2, 2023, Plaintiff submitted a dispute of the erroneous reporting Defendant TransUnion. (the "Dispute").

91.    In response to the Dispute, TransUnion promptly and properly gave notice of the Dispute to EdFinancial Services in accordance with the FCRA.

92.    Nevertheless, the inaccurate reporting of the relevant student loan accounts was **not corrected**.

93.    TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." TransUnion regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

94.    TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the consumers and compiles the information into "credit reports," which it

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

provides to third parties.

95.    Despite receiving Plaintiff's dispute and the fact that Plaintiff's loans were fully discharged, TransUnion continues to report Plaintiff's account to TransUnion. At some point while the dispute was pending, TransUnion updated the balance from the disbursement amount to a zero balance.

96.    Continuing to report the status of Plaintiff's account in this fashion is significant.

97.    By continuing to report the status of Plaintiff's account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the Plaintiff's credit worthiness by impacting his credit score negatively.

98.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

99.    TransUnion failed to conduct a reasonable investigation and reinvestigation.

100.    TransUnion failed to review and consider all relevant information submitted by Plaintiff.

101.    TransUnion failed to conduct an independent investigation and, instead, deferred to the EdFinancial    Services despite the evidence and/or information Plaintiff provided to TransUnion.

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

102.   TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, TransUnion failed to correct the information.

103.   TransUnion 's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates TransUnion 's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

104.   TransUnion did not conduct any independent investigation after TransUnion received Plaintiff's dispute and, instead, chose to parrot the information TransUnion received from the EdFinancial   Services despite being in possession of evidence that the information was inaccurate.

105.   Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

106.   Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion 's failure to correct the credit report pertaining to Plaintiff.

107.   On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Plaintiff.

108.    TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's Dispute of the information contained in Plaintiff's TransUnion credit report.

109.    TransUnion's procedures were per se deficient for these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

110.    TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

111.   The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

112.   Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

113.   The appearance of the account on Plaintiff's credit report, namely, the account identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

114.   As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

115.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant TransUnion)

116.   Plaintiff incorporates the paragraphs 1-11 and 88-115 by reference of this Complaint.

117.   On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

118.   On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

119.   On at least one occasion within the past year, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

the inaccurate information.

120.    Additionally, TransUnion negligently failed to report account identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

121.    TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

122.    The conduct, action, and inaction, of TransUnion was negligent,

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

123.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

124.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

125.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant EdFinancial)

126.    Plaintiff incorporates the foregoing paragraphs 1-125 by reference of this Complaint.

127.    EdFinancial is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

agencies about consumer transactions or experiences with any consumer.

128.    On a date better known by the EdFinancial, the CRAs promptly and properly gave notice to EdFinancial of Plaintiff's Disputes in accordance with the FCRA.

129.    In response to the notice received from the CRAs regarding Plaintiff's Dispute, EdFinancial did not, and otherwise failed, to conduct a reasonable investigation into the Account which is the subject of the Disputes.

130.    In response to receiving notice from the CRAs regarding Plaintiff's Dispute, EdFinancial failed to correct and/or delete information they knew to be inaccurate and/or which EdFinancial could not otherwise verify.

131.    Instead of conducting a reasonable investigation, EdFinancial erroneously validated the Account and reported and continues to report inaccurate information about Plaintiff to the CRAs.

132.    On at least one occasion within the past year, by example only and without limitation, EdFinancial violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

133.    On at least one occasion within the past year, by example only and without limitation, EdFinancial violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

134.    On at least one occasion within the past year, by example only and

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

without limitation, EdFinancial violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

135.    Upon information and belief, EdFinancial was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

136.    When EdFinancial received notice of Plaintiff's dispute from Experian, EdFinancial could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

137.    EdFinancial would have discovered that the information it was reporting about Plaintiff was inaccurate if EdFinancial had reviewed its own systems and previous communications with the Plaintiff.

138.    EdFinancial's investigation was per se deficient by reason of these failures on EdFinancial's investigation of Plaintiff's Disputes.

139.    As a direct and proximate result of EdFinancial's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and  other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v) reduction in

credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

140.    EdFinancial's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against EdFinancial, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant EdFinancial)

142.    Plaintiff incorporates paragraphs 1-141 by reference of this Complaint.

143.    On at least one occasion within the past year, by example only and without limitation, Defendant EdFinancial violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed Information.

144.    On one or more occasions within the past year, by example only and without limitation, Defendant EdFinancial violated 15 U.S.C. § 1681s-2(b)(1)(B) by

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

failing to review all relevant information provided by the consumer reporting agencies.

145.   On one or more occasions within the past year, by example only and without limitation, Defendant EdFinancial violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate information.

146.   When Defendant EdFinancial received notice of Plaintiff's dispute from Experian, Defendant EdFinancial could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

147.   Defendant EdFinancial would have discovered that the information it was reporting about Plaintiff was inaccurate if Defendant EdFinancial had reviewed its own systems and previous communications with the Plaintiff.

148.   Defendant EdFinancial's investigation was per se deficient by reason of these failures on Defendant EdFinancial's investigation of Plaintiff's dispute.

149.   As a direct and proximate result of Defendant EdFinancial's violations of § 1681s-2(b),  Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix  Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the  errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss  of sleep; (v)

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

150.    Defendant EdFinancial's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

151.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant EdFinancial, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated:  June 16, 2023

Respectfully Submitted,

/s/ Jennifer G. Simil
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**JENNIFER G. SIMIL, ESQ.**
Florida Bar No.: 1018195
E-mail: jen@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com